IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | No | C-06-3537 VRW |
| | | CR-00-0363 |
| v | | |
| SEAN ANDRE BEATTIE, | | ORDER |
| Defendant. | | |
| _____/ | | |

On January 4, 2007, the court dismissed as untimely defendant Sean Andre Beattie's motion attacking his sentence under 28 USC § 2255 (CR 00-0363 Doc #555). Doc #557. Defendant has filed a motion under FRCP 60(b) and Northern District of California Civil Local Rule 7-9(b)(3) to reconsider the court's order dismissing his motion. Doc #559. In support of the motion to reconsider, defendant asserts that the court did not consider his petition for rehearing and rehearing en banc on appeal in computing the timeliness of his motion under § 2255. For the reasons stated herein, the motion to reconsider is GRANTED. After

reconsideration, however, the timeliness of the petition remains in doubt; petitioner is granted thirty (30) days to establish the timeliness of his §2255 motion as is more fully explained below.

In computing the one-year limitations period under 28 USC § 2255 paragraph 6, the court reviewed the documents in the district court file. These contain neither copies of, nor any reference to, a petition for rehearing and rehearing en banc. Defendant's motion to reconsider (Doc #559) advised the court of the existence of such petitions, but did not include any evidence of them.

Under Federal Rule of Evidence 201, the court may take judicial notice of a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Furthermore, "a court shall take notice if requested by a party and supplied with the necessary information." FRE 201(d). Judicial records and dockets from the same or a closely related case are proper facts for judicial notice under this standard. See, e g, <u>Miles v State of California</u>, 320 F3d 986, 987 (9th Cir 2003) (taking judicial notice of a state court order and docket). The court, having taken judicial notice of the docket of defendant's appeal, now recognizes the following expanded chronology of procedural steps as relevant to defendant's § 2255 motion.

Defendant filed a timely appeal. Doc #495. By memorandum opinion and judgment dated December 21, 2004, the court of appeals affirmed. Doc #551. The defendant then timely petitioned the court of appeals for rehearing and rehearing en banc. Ct App docket #03-10355, docket entry dated 2/3/05. Both

were denied by order dated on March 2, 2005.  Id, docket entry dated 3/2/05.  Mandate issued March 10, 2005 and was filed in the district court March 15, 2005.  Id & Doc #552.  Defendant's § 2255 motion is signed May 31, 2006 and bears the file-stamp of the clerk's office dated June 1, 2006.  Doc #555.  It is not accompanied by a proof of service, post-marked envelope or other document explaining the manner in which it reached the clerk's office in San Francisco one day after being signed at Terminal Island.

Defendant contends that reconsideration is warranted because the court did not previously consider the above-referenced facts in the appellate docket before dismissing his § 2255 motion as untimely.  Civil Local Rule 7-9 permits a party to request leave to file a motion to reconsider an interlocutory order before a final judgment is entered adjudicating all of the claims.  A party making such a motion must specifically show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the [] order for which reconsideration is sought [and] that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order.

Civil Local Rule 7-9(b)(3).

\\

3

While defendant's motion does not precisely meet the criteria, it appears to be within the spirit of the rule. Especially in light of defendant's pro per status in his § 2255 proceedings, the court finds it appropriate to reconsider the untimeliness determination in its order of January 4.

A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed, as relevant here, within one year of the date on which the judgment of conviction became final. 28 USC § 2255, ¶ 6. A federal prisoner's judgment becomes final for purposes of the one-year statute of limitations when the time expires for the petitioner to file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. <u>Clay v United States</u>, 537 US 522, 523-25 (2003); <u>United States v Garcia</u>, 210 F3d 1058, 1060-61 (9th Cir 2000).

Rule 13 ¶ 3 of the Supreme Court Rules provides, as relevant to this motion:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate * * *. But if a petition for rehearing is timely filed in the lower court by any party, * * * the time to file the petition for a writ of certiorari for all parties * * * runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

Under the Supreme Court Rules, calculation of any period contained in the rules shall exclude the day on which the triggering event occurs and include the last day of the period. Supreme Court Rule 30. Accordingly, the period for defendant to petition for certiorari began on March 3, 2005 and ended 90 days

**4**

later on May 31, 2005, making the judgment final on that date.

The defendant then had one year in which to file his § 2255 motion.  FRCP 6(a) governs computation of the one-year limitation period under § 2255.  Patterson v Stewart, 251 F3d 1243, 1246 (9th Cir 2001).  FRCP 6(a) prescribes the same method for time computation as does Rule 30 of the Rules of the Supreme Court.  This method has been dubbed the "anniversary method" because it yields a final date on the one-year anniversary of the date of the event from which the period begins to run.  Patterson, 251 F3d at 1246.  Only if the last day falls on a Saturday, Sunday or legal holiday or the clerk's office is inaccessible due to weather or other conditions are days added to the prescribed period.  FRCP 6(a).

Under these rules, the one-year limitation period that ran from the date the defendant's judgment became final ended on May 31, 2006, a Wednesday.  The fact that the petition was not filed until the following day does not conclusively establish that it was untimely, however, because of the existence of two doctrines that have been found relevant in other cases of this kind:  the doctrine of equitable tolling and the "prisoner mailbox rule."

The doctrine of equitable tolling applies to petitions under § 2255.  United States v Battles, 362 F3d 1195 (9th Cir 2004).  The availability of equitable tolling is subject to a "very high threshold" of demonstrating that "extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness."  Id at 1197, citing Laws v Lamarque, 351 F3d 919, 922 (9th Cir 2003).

\\

The prisoner mailbox rule deems a habeas petition filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court. Stillman v Lamarque, 319 F3d 1199 (9th Cir 2003). The rule is only available when two requirements are met: (1) the prisoner is proceeding without counsel; and (2) the prisoner must deliver the petition to prison authorities for forwarding to the court within the limitations period. Id. The mailbox rule applies to § 2255 petitions. United States v Garcia, 210 F3d 1058 (9th Cir 2000).

There is nothing before the court to indicate that either the doctrine of equitable tolling or the prisoner mailbox rule applies here. Because the court has granted the motion for reconsideration of its dismissal order and because the filing appears to be only one day late, however, the court grants petitioner thirty (30) days from the date of this order to adduce evidence demonstrating that either the doctrine of equitable tolling or the prisoner mailbox rule applies to these facts.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge